UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT GRAHAM,

        Plaintiff,                             Hon. Ellen S. Carmody

v.

                                                   Case No. 1:17-cv-350

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/


## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

        The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 37 years of age on his alleged disability onset date. (PageID.209, 234). He possesses a ninth grade education and previously worked as a bagger. (PageID.48, 72). Plaintiff applied for benefits on June 23, 2014, alleging that he had been disabled December 13, 2008, due to back pain, depression, poor concentration, cognitive limitations, headaches, blood clot in his head, poor vision, right knee pain. (PageID.209-13, 238). Plaintiff later amended his disability onset date to June 23, 2014. (PageID.234). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.152-208). On December 16, 2015, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (PageID.51-100). In a written decision dated February 18, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.40-50). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.26-30). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) affective disorders; (2) borderline intellectual functioning; and (3) organic disorders, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43-46). With respect to Plaintiff's residual functional capacity, the ALJ

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

determined that Plaintiff retained the capacity to perform work at all exertional levels subject to the following limitations: (1) he is limited to simple, routine, and repetitive tasks; (2) he can perform work with occasional changes in the work setting; and (3) he can perform work with occasional public interaction. (PageID.46).

A vocational expert testified that Plaintiff's RFC did not preclude the performance of Plaintiff's past relevant work as a bagger. (PageID.90). The vocational expert further testified that there existed approximately 923,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.90-91). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.**     **The Decision by the Appeals Council not to Disturb ALJ's Decision**

Plaintiff appealed the denial of his application for benefits to the Appeal Council. In support of his appeal, Plaintiff submitted additional evidence procured after the ALJ's decision. Specifically, Plaintiff submitted a two-page "Mental RFC" form completed by one of his care providers after the ALJ issued his decision. (PageID.31-32). The person who completed this form did not specify the date(s) or time period to which the assessment pertained. (PageID.31-32). The Appeals Council considered this evidence, but concluded that because it concerned Plaintiff's functional ability at a date subsequent to the ALJ's decision, it provided no basis for disturbing the ALJ's decision. (PageID.27). Plaintiff argues that he is entitled to relief on the ground that the Appeals Council failed to appropriately consider this evidence.

This Court's jurisdiction is limited to review of the final decision rendered by the Commissioner of Social Security. *See* 42 U.S.C. § 405(g) (expressly limiting judicial review to "any final decision of the Commissioner of Social Security"); *Bowens v. Barnhart*, 101 Fed. Appx. 93, 94 (6th Cir., June 11, 2004) (the jurisdiction of the federal courts extends only to the review of "final decisions of the Commissioner"). Here, the Appeal Council expressly stated, "the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." (PageID.26). Thus, the decision by the Appeals Council that the evidence in question did not merit relief is not properly before this Court.

While Plaintiff could have moved this Court to remand the matter for the consideration of the evidence in question, he has failed to do so thereby waiving any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

**II.      Plaintiff's RFC Assessment**

Prior to pursuing the claim for benefits presently at issue, Plaintiff previously applied for disability benefits. In a decision dated July 26, 2013, ALJ James Kent denied Plaintiff's previous claim for benefits. (PageID.130-42). As part of this decision, ALJ Kent determined that Plaintiff was capable of performing a limited range of light work. (PageID.135). Under Sixth Circuit authority, where an ALJ makes a finding regarding a claimant's RFC, a subsequent ALJ is bound by that RFC determination absent "new and material evidence to the

contrary." *See, e.g., Gay v. Commissioner of Social Security*, 520 Fed. Appx. 354, 356 (6th Cir., Apr. 2, 2013).

ALJ Jones recognized this authority at the outset of his opinion, but nevertheless rejected ALJ's Kent's RFC finding on the ground that it was not supported by the evidence. (PageID.40-41). Plaintiff argues that he is entitled to relief based on the ALJ's failure to adopt ALJ Kent's RFC assessment. Defendant concedes that ALJ Jones erred by rejecting ALJ Kent's RFC finding based upon an independent review of the evidence that ALJ Kent considered, as opposed to a finding that new and material evidence supported a less restrictive RFC. Defendant argues, however, that the ALJ's error is harmless. The Court agrees.

The two ALJ's reached different conclusions as to Plaintiff's exertional abilities, with ALJ Jones finding that Plaintiff could perform work at all exertional levels whereas ALJ Kent limited Plaintiff to a range of light work. However, with respect to Plaintiff's non-exertional limitations, ALJ Jones' RFC is not more expansive than ALJ Kent's RFC. The vocational expert who testified before ALJ Jones identified 283,000 light and unskilled jobs which a person with Plaintiff's RFC (as defined by ALJ Jones) could still perform. (PageID.90-91). Thus, the light and unskilled jobs identified by the vocational expert who testified before ALJ Jones were not inconsistent with the previous RFC articulated by ALJ Kent. As such, ALJ Jones' error is harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of

7

administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

To be clear, the error ALJ Jones committed was *not* that he articulated an RFC which was not supported by the record, but instead that he failed to either adopt ALJ Kent's RFC or articulate an appropriate rationale for rejecting such. ALJ Jones' RFC is, in fact, supported by substantial evidence.

In 1991, when Plaintiff was 14 years of age, he was struck by a vehicle while riding his bicycle. (PageID.331). Plaintiff suffered a closed head injury for which he was hospitalized for seven days. (PageID.331-32). Testing revealed, however, that Plaintiff's cognitive and developmental abilities were not diminished by this injury. (PageID.331). The record contains no treatment records for the period following this injury until June 9, 2008, when Plaintiff participated in a consultive examination conducted by Leonard McCulloch. (PageID.300-08). McCulloch concluded that Plaintiff was experiencing a cognitive disorder and borderline intellectual functioning. (PageID.306). Plaintiff reported that he was not presently receiving any mental health treatment. (PageID.303). The results of a mental status examination were unremarkable and Plaintiff described participating in a variety of activities. (PageID.300-06).

The next item in the record concerning Plaintiff's non-exertional impairments is the results of a consultive examination conducted by Lois Brooks, Ed.D, on August 22, 2014. (PageID.318-25). Brooks diagnosed Plaintiff with depression, cognitive disorder, stress exacerbating somatic symptoms, and borderline intellectual functioning. (PageID.324). Brooks reported that Plaintiff's ability to follow instructions, perform work-related activities, respond appropriately to others, and adapt to changes in the workplace was "moderately" to "severely"

impaired. (PageID.323-24). Plaintiff again reported, however, that he was not participating in any mental health treatment. (PageID.319). The results of a mental status examination were unremarkable and Plaintiff reported participating in a wide range of activities. (PageID.318-23).

Less than three weeks later, Plaintiff began participating in mental health treatment which included anti-depressant medication. (PageID.348-50). Subsequent treatment notes revealed that Plaintiff's mood and functioning improved significantly with counseling and medication. (PageID.326, 354-70). As for Plaintiff's exertional abilities, the record contains no indication that Plaintiff cannot perform work at all exertional levels. (PageID.310-14). Accordingly, while ALJ Jones improperly rejected ALJ Kent's RFC findings, the Court finds this error to be harmless.

**III.** **The ALJ's Assessment of Non-Treating Physician Opinions**

As noted above, Plaintiff participated in consultive examinations conducted by Leonard McCulloch and Lois Brooks. (PageID.300-08, 318-25). Both of these examiners concluded that Plaintiff was more limited than the ALJ ultimately concluded. The ALJ, however, only afforded "some weight" to the observations and conclusions of these examiners. Plaintiff faults the ALJ for not affording greater weight to these particular opinions.

First, neither of these examiners examined Plaintiff more than once, thus their opinions are not entitled to any particular deference. *See, e.g., Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). Moreover, the medical record supports the ALJ's assessment. Plaintiff reported to both examiners that he was neither participating in any mental health treatment or counseling nor taking any prescribed medication. (PageID.300-08, 318-25). Shortly after his August 22, 2014 consultation with Lois Brooks,

Plaintiff began participating in mental health counseling and taking anti-depressant medication. (PageID.348-50). Subsequent treatment notes revealed that Plaintiff's mood and functioning improved significantly. (PageID.326, 354-70). The record concerning Plaintiff's treatment following the aforementioned consultive examinations substantially supports the ALJ's assessment of the consulting examiners' opinions. This argument is, therefore, rejected.

IV.     **ALJ's Refusal to Issue Subpoenas**

At the administrative hearing, Plaintiff requested that the ALJ issue interrogatories to "the consultive examiner," presumably Lois Rogers who met with Plaintiff on August 22, 2014. (PageID.62). The ALJ declined Plaintiff's request on the ground that submitting additional questions to an individual who only met with Plaintiff on a single occasion was unlikely to prove helpful in assessing Plaintiff's claim for benefits. (PageID.62-65). Plaintiff argues that the ALJ's refusal to issue the requested interrogatories entitles him to relief.

It is well accepted that it is the claimant's "responsibility to provide medical evidence showing that he is disabled." *Smith v. Commissioner of Social Security*, 2011 WL 3421538 at *2 (W.D. Mich., Aug. 4, 2011). While the ALJ must ensure that every claimant receives a full and fair hearing, where a claimant is represented by counsel, as was the case presently, "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop [his] claims." *Woelk v. Commissioner of Social Security*, 2014 WL 2931411 at *2 (E.D. Mich., June 30, 2014).

Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve his claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th

Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 2009 WL 2628355 at *8 (6th Cir., Aug. 27, 2009). Furthermore, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Ibid*. The record before the ALJ was sufficient to resolve Plaintiff's claim and, moreover, Plaintiff has failed to demonstrate that questions posed to an individual who met with Plaintiff on a single occasion would have assisted the ALJ or supported a different outcome. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: May 7, 2018                    /s/ Ellen. S. Carmody
                                     ELLEN S. CARMODY
                                     U.S. Magistrate Judge